53780

MORTON & CRAIG LLC
William E. Craig, Esq.
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: 856-866-0100
Attorney for: Exeter Finance LLC
JM-5630_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Case No. 23-11463 (ABA) |
| WILLIAM A. SPENCE | Chapter 13 |
| SONTAY L. SPENCE | |
| | **OBJECTION TO CONFIRMATION** |

Exeter Finance LLC("Exeter"), a secured creditor of the Debtors, objects to the Debtors' Plan for the following reasons:

a. INCORRECT VEHICLE YEAR LISTED: Exeter is the holder of a first purchase money security interest in a **2016 Nissan Rogue**. The Plan should be amended to correct the model year to 2016.

b. The Debtors' proposed Plan fails to pay Exeter interest on its claim. Exeter is entitled to be paid the prime rate of interest plus an increase for risk of loss. In Re Till. The prime interest rate at the time of the Debtors' filing was 7.75%. Exeter objects to the Debtors' Plan unless the

53780

    debtors pay an interest rate of 9.75% over the life of the Plan (60 months) in order to adequately protect Exeter for any risk of loss.

c. The Plan as proposed also violates §1326(a)(1) since it does not provide for payment to Exeter of adequate protection payments.  Adequate protection payments should be made to Exeter beginning in March of 2023 at $162.00 per month, being 1.25% of the vehicle value.  Payments should be made within 30 days of filing and should continue up to and after confirmation, until regular payments are to be commenced through the Plan to Exeter. Adequate protection payments to Exeter should be given super priority administrative expense status and in all events must be paid prior to payment of any counsel fees to Debtors' attorney.

d. **Proof of insurance:** The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract.  Exeter Finance must be listed as loss payee or additional insured. **The Debtors must provide Exeter with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtors provide proof of insurance**.

53780

e. Exeter must retain its lien on the vehicle following confirmation.

f. Exeter credit reserves the right to object to the feasibility and good faith of this Plan and filing.

/s/ William E. Craig

_____
William E. Craig, attorney for
Exeter Finance LLC

3-26-23